# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSTAR COMPANIES, d.b.a. NORTHSTAR LOCATION SERVICES, LLC,<br><br>Defendant. | Case No. 10CV1044-BTM (JMA)<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT** |

Defendant moves for partial summary judgment on the ground that Plaintiffs' class allegations are precluded by a Washington state court order denying class certification. Northstar is the defendant in both the state action and the instant case. The purported classes in both cases are virtually identical. However, Plaintiff Scott Thompson did not bring suit in the state court and was not named the state court action.

In determining the preclusive effect of the state court order, the Court applies Washington law. *See Troutt v. Colo. W. Ins. Co.*, 246 F.3d 1150, 1156 n.1 (9th Cir. 2001). To assert issue preclusion, Defendant must prove the following: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice. *Nielson v. Spanaway Gen. Med.*

*Clinic, Inc.*, 135 Wash. 2d 255, 262-263 (1998). To assert claim preclusion, "[t]here must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 100 Wash. 2d 660, 663 (1983).

On June 16, 2011, the United States Supreme Court concluded that a district court's denial of class certification did not have preclusive effect on a state court motion for certification of the same class by different named plaintiffs. *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011). The Supreme Court held that "[n]either a proposed class action nor a rejected class action may bind nonparties." *Id.* at 2380.

The Court predicts this decision will be followed by the Washington Supreme Court. The tests for issue and claim preclusion under Washington law are substantially similar to the tests under federal law. *C.f. Frankfort Digital Servs. v. Kistler (In re Reynoso)*, 477 F.3d 1117, 1122 (9th Cir. 2007); *Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). In applying these tests, Washington courts look to federal decisions as persuasive authority. *See, e.g.*, *Nielson*, 135 Wash. 2d at 262. 264.

Here, Plaintiff was not a party to the state court action. Because the class was not certified, Plaintiff cannot be bound as a member of the state class action. Because Plaintiff is not a party or in privity with any of the parties in the state action, Defendant cannot rely on the state court decision to bar Plaintiff from seeking class certification in the instant action. Defendant's motion for partial summary judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 7, 2011

*Barry Ted Moskowitz* (signature)

Honorable Barry Ted Moskowitz
United States District Judge